I concur in the majority's disposition of the second through fourth assignments of error, but respectfully dissent from its disposition of the first assignment of error.
The question here is whether the prosecution presented evidence sufficient to prove that defendant was likely to engage in the future in one or more sexually oriented offenses. Whatever the details of the crime he committed, the court was asked to make a prediction based on information twelve years old. Defendant was convicted in 1987 for offenses in 1986. The prosecution presented only the presentence investigation report from the original criminal case. Thus the diagnosis of chronic schizophrenia was based on his condition twelve years ago. Since defendant has been closely observed in prison for the last twelve years, more current information about him must be available.
I believe the lapse of twelve years affects the reliability of a prediction. This court has similarly ruled in other cases. Therefore I would reverse. This court has previously ruled, moreover, that the prosecution is not estopped from presenting more evidence on remand. State v. Ward (1999), 130 Ohio App.3d 559. Since the burden rests with the prosecution to prove, by clear and convincing evidence that defendant is likely to engage in the future in one or more sexually oriented offenses, the prosecution should provide the court with information about such a long period of time in this man's life. Because the majority does not adequately address this issue, I respectfully dissent from its disposition of the first assignment of error.